UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRELL LEATH,

        Plaintiff,

v.                    Case No. 3:07-cv-550-J-32HTS

RHONDA WELLS, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Darrell Leath, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action on June 20, 2007, by filing a Motion for a Law Suit (Doc. #1) (hereinafter Complaint). In the Complaint, he names Rhonda Wells and Marcus Lee as the Defendants. As relief, he requests six million dollars as well as release from prison.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474

>   U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd</u> <u>by</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579 (11th Cir. 1995).

Based on the allegations raised in the Complaint, it is clear that neither of these Defendants was acting under color of state law. Plaintiff is currently serving a ten-year sentence for attempted sexual battery of a victim under the age of twelve.[1] Rhonda Wells is the mother of the child victim. Plaintiff states that the child victim lied about the entire incident and uses lies to retaliate against people. Based on these allegations, Plaintiff has failed to satisfy the first prong of the above-mentioned requirements for a § 1983 claim.

Further, Plaintiff claims that there is insufficient evidence to support the conviction. He complains generally that there is no DNA evidence and that the court allowed perjured statements to convict him. He seeks a release from incarceration as well as monetary damages for the alleged perjurious testimony used against him by the victim's family.

---

[1] <u>See</u> http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections/Corrections Offender Network).

Any claims for monetary damages concerning the criminal conviction have not yet accrued. See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his Florida judgment and conviction. Therefore, Plaintiff's claim for damages is not cognizable under § 1983.

Finally, Plaintiff claims that his life will be in danger if he is released from prison and if he returns to Duval County, Florida. Specifically, he states that, due to the lies circulating on the Internet and in the newspapers, he fears that he is not safe in Duval County since "someone is waiting for [him]." This Court notes that Plaintiff's estimated release date is not until August 14, 2009. See http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections/Corrections Offender Network). To the extent that Plaintiff has raised claims that are in the nature of habeas corpus, he must raise those claims in his habeas corpus case now pending in this Court. This Court takes judicial notice of Case No. 3:07-cv-145-J-32HTS, in which Plaintiff Leath challenges the conviction for attempted sexual battery of a victim under the age of twelve.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice as frivolous.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  Plaintiff's Motion for a Law Suit (Doc. #1) is **DENIED.**

2.  This case is hereby **DISMISSED WITHOUT PREJUDICE** as frivolous.

3.  The Clerk of the Court shall enter judgment dismissing this case without prejudice as frivolous and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of June, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

sc 6/21
c:
Darrell Leath